UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL CAMBRIA, individually and on
behalf of all other persons similarly situated,                    Case: 2:20-cv-03886
                                                                   (RPK)(ST)


                                          Plaintiff,

                   v.

BILL'S TOWING SERVICE, INC. and BRUCE
GOLDBLATT, jointly and severally,

                                          Defendants.


---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff MICHAEL CAMBRIA (hereinafter "Plaintiff"), and Defendants BILL'S TOWING
SERVICE, INC. and BRUCE GOLDBLATT, Jointly and Severally on their own behalf, and on
behalf of their present and former directors, officers, partners, employees, representatives, agents,
attorneys, owners, and insurers, subsidiaries, affiliates, successors, related entities, assigns, heirs,
executors, administrators, and attorneys, in their capacities as such (hereinafter "Defendants"),
(collectively together with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement
and Release ("Agreement") as a resolution of all issues involved herein as follows:

     **1.**     **Preliminary Matters**.  By this agreement the Parties wish to settle all of their
wage-related disputes. Plaintiff has reviewed the terms of this Agreement, has had the opportunity
to confer with his legal counsel, Kaufman Law Firm PLLC, and/or other advisors of their own
choosing in order to obtain advice with respect to the terms of this Agreement, and has had the
opportunity to consider their advice with respect to the foregoing and following Agreement.
Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

     **2.**     **No Admission of Liability**. The Parties hereto recognize and agree that
Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiff or
to anyone else as a result of or growing out of the matters set forth in the Complaint styled
_Cambria v. Bill's Towing Service, Inc. et al, Index No. 20-cv-03886-RPK-ST_ filed in the United
States District Court for the Eastern District of New York (the "Pending Action"), or which could
have been raised in such suit, or which otherwise involve Plaintiff's employment relationship
with Defendants and the separation or termination of Plaintiff's employment relationship. Neither
this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for
breach of the terms of this Agreement as set forth herein.

     **3.**     **Submission to Federal Court For Approval and Dismissal of Pending Action**.
For and in consideration of the promises outlined in this Agreement, the sufficiency of which
Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed

with prejudice, the Pending Action; and (2) not to re-file the causes of action asserted in the Pending Action, or any other causes of action against Defendants arising from wage-related matters, including but not limited to those that were encompassed or could have been encompassed or raised in the Pending Action. Plaintiff expressly authorizes his counsel to execute the <u>Stipulation of Discontinuance with Prejudice</u> set forth in **Exhibit A** attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action within 5 days the occurrence of the Court's approval of the instant Agreement.

      4.     **Consideration**. Defendants agree to pay Plaintiff and his attorneys the total sum of One Hundred and Twenty-Five Thousand Dollars ($125,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.  The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees and costs and liquidated damages. Further, Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Agreement.

      5.     **Release by Plaintiff.**  For and in consideration of the mutual promises contained herein, Plaintiff fully and finally releases Defendants from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from the non-payment of wages for hours worked, minimum wage, overtime work performed, break time, missed meal or rest periods, spread of hours pay or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the federal Fair Labor Standards Act, the New York Labor Law (NYLL), or any other federal, state, or local wage and hour laws, including claims for wages, overtime pay, spread of hours pay, commissions, benefits, bonuses, receipt of required documentation, liquidated damages, penalties, interest, and the like whenever accruing, punitive damages, or conversion.

      6.     **Plaintiff's Responsibility for Taxes**. Defendants shall issue an IRS Form 1099 Misc to Plaintiff for the Settlement Payment. Plaintiff assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed on Plaintiff or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement, and agrees to hold Defendants harmless for any such liability that Plaintiff may incur.

      7.     **Effective Date**.  This Agreement shall become effective and enforceable on the date of the Court's final approval of this Agreement and dismissal of the Complaint with prejudice (the "Effective Date").  The parties shall not submit a motion for final approval of the Agreement until (i) this Agreement has been fully executed, and (ii) Defendants' counsel has received a W-9 Form from Plaintiff and Plaintiff's counsel.

      8.     **Payment**.  The Settlement Payment shall be paid as follows:

      A.     Within ten (10) days of the Effective Date of this Agreement, Defendants shall deliver a check in the amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Kaufman Law Firm PLLC, which represents Plainitff's attorneys' fees and expenses (the "Initial Payment");

B.      No later than thirty (30) days of the Effective Date of this Agreement, Defendants shall deliver a check in the amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Kaufman Law Firm PLLC, which represents Plaintiff's attorneys' fees and expenses;

C.      No later than sixty (60) days of the Effective Date of this Agreement, Defendants shall deliver a check in the gross amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Michael Cambria;

D.      No later than ninety (90) days of the Effective Date of this Agreement, Defendants shall deliver a check in the gross amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Michael Cambria;

E.      No later than one hundred and twenty (120) days of the Effective Date of this Agreement, Defendants shall deliver a check in the amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Michael Cambria; and

F.      No later than one hundred and fifty (150) days of the Effective Date of this Agreement, Defendants shall deliver a check in the amount of Twenty Thousand, Eight Hundred and Thirty Three Dollars and Thirty Three Cents ($20,833.33) to Plaintiff's counsel made payable to Michael Cambria.

All checks shall be mailed to Plaintiff's counsel at: Kaufman Law Firm PLLC, 250 W. 16th Street, #2G, New York, NY 10011.

**9.      Default and Confessions of Judgement**.  Concurrently with the execution of this Agreement, Defendants shall execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit B respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to timely make any payment as set forth above and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by e-mail or first class mail via their counsel, Jasmine Y. Patel, Esq., at 666 Old Country Road, Suite 202, Garden City, New York 11530, or email to jpatel@franklingringer.com. Any such Notice of Default shall be deemed received upon the date is emailed or five (5) days after it is mailed.  The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise.

**10.      Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws..The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

**11.**     **Status of Settlement If Case Is Not Ultimately Dismissed**.  In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, the Parties shall make a good faith effort to revise and/or modify this Agreement.  If the Settlement is not ultimately approved, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

**12.**     **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.  The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf,  individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiff in Paragraph 5 herein, he is waiving his right to recover money or other relief in any such action.

**11.**     **Mutual Non-Disparagement.** Plaintiff agrees that he will not make any comments to any third party that will disparage Defendants or any of Defendants' officers and/or employees, excluding truthful statements about their experiences litigating this matter.  Such disparaging comments include comments concerning the quality of work performed by Defendants, its officers and employees, and/or other communications which might otherwise impair the reputation of Defendants, its officers and employees.  Likewise, Defendants agree not to make any comments to any third party that will disparage Plaintiff, such as comments concerning Plaintiff's work performance, excluding truthful statements about their experiences litigating this matter.  Plaintiff further agrees that he will not visit or access any properties owned and/or operated by Defendants and will not contact other employees working for Defendants for the purpose of disparaging Defendants. Nothing in this paragraph is intended to limit the ability of any party to communicate truthfully regarding their claims or this litigation.

**12.**     **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties and supersedes and replaces all prior negotiations and all

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document.

**13.     No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

**14.     Non-Assignment**. Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

**15.     Authority and Capacity to Bind**. By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

**16.     Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Further, the headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement.

**17.     Reservation of Jurisdiction**.  Notwithstanding the dismissal of this Action, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

**18.     Consideration Period**.  Plaintiff represents that Defendants advised them to take this Agreement home, read it, and carefully consider all of its terms before signing it. Plaintiffs hereby waive any right they might have to additional time within which to consider this Agreement.  Plaintiff also acknowledges that Defendants advised him to discuss this Agreement with his own attorneys during this period if they wished to do so.  Plaintiff has carefully read this Agreement, reviewed it with his counsel, fully understand what it means, and are entering into it voluntarily.

Dated:  March _____, 2021
　　　　Garden City, New York

　　　　**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

**PLAINTIFF:**

MICHAEL CAMBRIA

**DEFENDANTS:**

BILL'S TOWING SERVICE, INC.

_____

By: ARTHUR GAMPERO

BRUCE GOLDBLATT

_____

6

Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

**16. Authority and Capacity to Bind**. By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

**17. Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Further, the headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement.

**18. Reservation of Jurisdiction**.  Notwithstanding the dismissal of this Action, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

**19. Consideration Period**.  Plaintiff represents that Defendants advised them to take this Agreement home, read it, and carefully consider all of its terms before signing it. Plaintiffs hereby waive any right they might have to additional time within which to consider this Agreement.  Plaintiff also acknowledges that Defendants advised him to discuss this Agreement with his own attorneys during this period if they wished to do so.  Plaintiff has carefully read this Agreement, reviewed it with his counsel, fully understand what it means, and are entering into it voluntarily.

Dated:        March 30 , 2021
              Garden City, New York

     **IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

**PLAINTIFF:**

MICHAEL CAMBRIA

_____

**DEFENDANTS:**

BILL'S TOWING SERVICE, INC.

By: ARTHUR GAMPERO

BRUCE GOLDBLATT

*[signature: Bruce Goldblatt]*

2

# EXHIBIT A

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**MICHAEL CAMBRIA, individually and on**
**behalf of all other persons similarly situated,**                    **Case: 2:20-cv-03886 (RPK)**

**(ST)**

**Plaintiff,**

v.

**BILL'S TOWING SERVICE, INC. and BRUCE**
**GOLDBLATT, jointly and severally,**

**Defendants.**

-----------------------------------------------------------------X
**STIPULATION OF DISCONTINUANCE WITH PREJUDICE**

      Upon the joint application of Plaintiff and Defendants to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is
      **HEREBY ORDERED AS FOLLOWS:**

      1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**MICHAEL CAMBRIA, individually and on**
**behalf of all other persons similarly situated,**                    **Case: 2:20-cv-03886**
                                                                        **(RPK)(ST)**


                                                **Plaintiff,**

                        **v.**

**BILL'S TOWING SERVICE, INC. and BRUCE**
**GOLDBLATT, jointly and severally,**

                                                **Defendants.**
------------------------------------------------------------------X
## STIPULATION OF DISCONTINUANCE WITH PREJUDICE

      Upon the joint application of Plaintiff and Defendants to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

      **HEREBY ORDERED AS FOLLOWS**:

      1.  The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

      2.  The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims;

      3.  This action, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice as against Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

4.   The Court shall retain jurisdiction to enforce the terms of the Parties' settlement agreement.

Dated: Garden City, New York
       _____ _____ 2021

_____
Jasmine Y. Patel, Esq.
Franklin, Gringer & Cohen P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, New York 11530
jpatel@franklingringer.com

_____
Meredith L. Kaufman Esq.
Kaufman Law Firm PLLC
*Attorneys for Plaintiff*
250 W. 16th Street, 2G
New York, New York 10011
meredith@kaufmanlawnyc.com

**SO ORDERED**

_____
**U.S.D.J.**

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MICHAEL CAMBRIA, individually and on
behalf of all other persons similarly situated,

                                                  **Index No.: 2:20-cv-03886 (RPK)(ST)**

                    **Plaintiff,**                **CONFESSION OF**
                                                    **JUDGMENT**

       **v.**

BILL'S TOWING SERVICE, INC. and BRUCE
GOLDBLATT, jointly and severally,

                             **Defendants.**
--------------------------------------------------------------X


STATE OF NEW YORK      )
                           : ss.:
COUNTY OF             )

       1.     I, Bruce Goldblatt, reside in _____ County, New York.

       2.     I, Bruce Goldblatt, was an owner of Bill's Towing Service, Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of myself.

       3.     Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff and Defendants to which this Confession of Judgement is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiff for the sum of $125,000.00, less any payments previously made by Defendants under the Agreement plus a penalty of thirty percent (30%) on any unpaid sums.

       4.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Agreement, to which this Confession of Judgement is annexed, which provides that Defendants are to pay a total settlement of $125,000.00 to Plaintiff.

       5.     This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Agreement.

       6.     I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the United States District Court for the Eastern District of New York, in the matter of *Cambria v. Bill's Towing Service, Inc. et al, Index No. 20-cv-03886-RPK-ST,* before the honorable Magistrate Judge Steven Tiscione, as a judgment for $125,000.00, less any payments made under the Settlement

Agreement, plus a penalty of thirty percent (30%) on any unpaid sums, against myself.  However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, I hereby authorize entry of judgment against myself for the foregoing amount, in the Supreme Court of the State of New York.

BRUCE GOLDBLATT

By: _____
     Bruce Goldblatt

STATE OF _____)
                                          : ss.:

On _____, 2021, before me personally came _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the written instrument, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent was an owner of Bill's Towing Service, Inc., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of himself and was authorized to do so.

_____
     Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL CAMBRIA, individually and on
behalf of all other persons similarly situated,

Index No.: 2:20-cv-03886 (RPK)(ST)

Plaintiff,         **<u>CONFESSION OF
JUDGMENT</u>**

v.

BILL'S TOWING SERVICE, INC. and BRUCE
GOLDBLATT, jointly and severally,

Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK     )
                            : ss.:
COUNTY OF             )

       1.      I, _____, reside in _____ County, New York.

       2.      I, _____, am an owner of Bill's Towing Service, Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Bill's Towing Service, Inc.

       3.      Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff and Defendants to which this Confession of Judgement is annexed, I hereby confess judgment and authorize entry thereof against Bill's Towing Service, Inc., in favor of Plaintiff for the sum of $125,000.00, less any payments previously made by Defendants under the Agreement plus a penalty of thirty percent (30%) on any unpaid sums.

       4.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Agreement, to which this Confession of Judgement is annexed, which provides that Defendants are to pay a total settlement of $125,000.00 to Plaintiff.

       5.      This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Agreement.

       6.      I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the United States District Court for the Eastern District of New York, in the matter of *Cambria v. Bill's Towing Service, Inc. et al, Index No. 20-cv-03886-RPK-ST,* before the honorable Magistrate Judge Steven Tiscione, as a judgment for $125,000.00, less any payments made under the Settlement

Agreement, plus a penalty of thirty percent (30%) on any unpaid sums, against Bill's Towing Service, Inc..  However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, I hereby authorize entry of judgment against Bill's Towing Service, Inc., for the foregoing amount, in the Supreme Court of the State of New York.

BILL'S TOWING SERVICE, INC.

By: _____
    Arthur Gampero

STATE OF _____ )
                      : ss.:

On _____, 2021, before me personally came _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the written instrument, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is an owner of Bill's Towing Service, Inc., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Bill's Towing Service, Inc. and was authorized to do so.

_____
    Notary Public

4

and New York Labor Law as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims;

3. This action, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice as against Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

4. The Court shall retain jurisdiction to enforce the terms of the Parties' settlement agreement.

Dated: Garden City, New York

_____ _____ 2021

| | |
|---|---|
| _____ | _____ |
| Jasmine Y. Patel, Esq. | Meredith L. Kaufman Esq. |
| Franklin, Gringer & Cohen P.C. | Kaufman Law Firm PLLC |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |
| 666 Old Country Road, Suite 202 | 250 W. 16th Street, 2G |
| Garden City, New York 11530 | New York, New York 10011 |
| jpatel@franklingringer.com | meredith@kaufmanlawnyc.com |

**SO ORDERED**

_____
**U.S.D.J.**

1

1

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**MICHAEL CAMBRIA, individually and on**
**behalf of all other persons similarly situated,**

**Index No.: 2:20-cv-03886**
**(RPK)(ST)**

                    **Plaintiff,**          **CONFESSION OF JUDGMENT**

        **v.**

**BILL'S TOWING SERVICE, INC. and BRUCE**
**GOLDBLATT, jointly and severally,**

                    **Defendants.**

-------------------------------------------------------------X

STATE OF NEW YORK          )
                                            : ss.:
COUNTY OF                        )

1. I, Bruce Goldblatt, reside in _NASSAU_ County, New York.

2.     I, Bruce Goldblatt, was an owner of Bill's Towing Service, Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of myself.

3.     Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff and Defendants to which this Confession of Judgement is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiff for the sum of $125,000.00, less any payments previously made by Defendants under the Agreement plus a penalty of thirty percent (30%) on any unpaid sums.

4.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Agreement, to which this Confession of Judgement is annexed, which provides that Defendants are to pay a total settlement of $125,000.00 to Plaintiff.

5.     This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Agreement.

6.     I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the United States District Court for the Eastern District of New York, in the matter of _Cambria v. Bill's Towing Service, Inc. et al, Index No. 20-cv-03886-RPK-ST,_ before the honorable Magistrate Judge Steven Tiscione, as a judgment for $125,000.00, less any payments made under the Settlement Agreement, plus a penalty of thirty percent (30%) on any unpaid sums, against myself. However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, I hereby authorize entry of judgment against myself for the foregoing amount, in the Supreme Court of the State of New York.


                                BRUCE
                                GOLDBLATT


                                By: _Bruce Goldblatt_
                                     Bruce Goldblatt



STATE OF _New York_          )
                                     : ss.:

On _30 March_ , 2021, before me personally came _BRUCE GOLDBLATT_

personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the written instrument, who, by me duly sworn, did depose and say that deponent resides at ̶1̶2̶/̶1̶9̶ ̶R̶ ̶O̶L̶D̶ ̶B̶E̶T̶H̶P̶A̶G̶E̶ ̶N̶Y̶ that deponent was an owner of Bill's Towing, Inc., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of himself and was authorized to do so.

_____
Notary Public

K. Lawrence Krummenacker
Notary Public, State of New York
No. 01KR617950
Qualified in Nassau County
Commission Expires in 07-30 – 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

**MICHAEL CAMBRIA, individually and on**

**behalf of all other persons similarly situated,**

                                                Index No.: 2:20-cv-03886
                                                (RPK)(ST)

                              Plaintiff,      **CONFESSION OF JUDGMENT**

                v.

**BILL'S TOWING SERVICE, INC. and BRUCE**
**GOLDBLATT, jointly and severally,**

                              Defendants.

-------------------------------------------------------------X

STATE OF NEW YORK           )
                            : ss.:
COUNTY OF                   )

1. I, ̶B̶R̶U̶C̶E̶ ̶G̶O̶L̶D̶B̶L̶T̶, reside in ̶N̶A̶S̶S̶A̶U̶ County, New York.

2. I, ArtieGamporo, am an owner of Bill's Towing Service, Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Bill's Towing Service, Inc.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiff and Defendants to which this Confession of Judgement is annexed, I hereby confess judgment and authorize entry thereof against Bill's Towing Service, Inc., in favor of Plaintiff for the sum of $125,000.00, less any payments previously made by Defendants under the Agreement plus a penalty of thirty percent (30%) on any unpaid sums.

4. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Agreement, to which this Confession of Judgement is annexed, which provides that Defendants are to pay a total settlement of $125,000.00 to Plaintiff.

5. This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the

Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the United States District Court for the Eastern District of New York, in the matter of *Cambria v. Bill's Towing Service, Inc. et al, Index No. 20-cv-03886-RPK-ST*, before the honorable Magistrate Judge Steven Tiscione, as a judgment for $125,000.00, less any payments made under the Settlement Agreement, plus a penalty of thirty percent (30%) on any unpaid sums, against Bill's Towing Service, Inc..  However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, I hereby authorize entry of judgment against Bill's Towing Service, Inc., for the foregoing amount, in the Supreme Court of the State of New York.

BILL'S       TOWING       SERVICE, INC.

By: _Arthur Gampero_

Arthur Gampero

STATE OF _NEW YORK_ )

: ss.:

On _30 MARCH_ , 2021, before me personally came _ARTHUR GAMPERO_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the written instrument, who, by me duly sworn, did depose and say that deponent resides at _238 Stephen ST Bellmore NY 11710_, that deponent is an owner of Bill's Towing Service, Inc., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Bill's Towing Service, Inc. and was authorized to do so.

_K. Lawrence Krummenacker_

Notary Public

2

K. Lawrence Krummenacker
Notary Public, State of New York
No. 01KR617950
Qualified in Nassau County
Commission Expires in 07-30 _2023_